**Opinion issued June 18, 2015**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-14-00614-CR**

———————————

**JASON B. JACKSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1365892**

---

**MEMORANDUM OPINION**

The State charged appellant Jason Jackson with sexual assault. *See* TEX.

PENAL CODE ANN. § 22.011(a) (West 2011). Jackson waived his right to a jury

trial, and, after a trial to the bench, the trial court found him guilty. Jackson pled

true to an enhancement paragraph, and the court assessed his punishment at 17 years' confinement. On appeal, Jackson contends that the evidence is legally insufficient to support his conviction because the complainant's testimony was not credible. We affirm.

## Background

One night in June 2012, the complainant went with a friend to a bar in Houston. They arrived at approximately 11:00 p.m., and the complainant drank three margaritas. The complainant testified that about an hour after he arrived at the bar, Jackson approached him. The complainant and Jackson talked for about fifteen minutes. Then, Jackson invited him to his house to continue drinking, and he agreed to go. They left the bar and went to a gas station. Jackson gave the complainant an orange soda in an open container, and the complainant drank it. Jackson then drove him to his house. The complainant felt dizzy during the drive.

When they arrived at Jackson's house, the lights were off. Jackson explained that he had not paid his electricity bill. Jackson took the complainant by the hand and led him to a bedroom. Jackson began to take off the complainant's clothes, and the complainant resisted and told him to stop. The complainant testified that Jackson took off his own clothes, put the complainant on the bed, and inserted his penis into the complainant's anus. The complainant told Jackson to stop again, and Jackson held down the complainant and hit him twice in the face.

2

Jackson took $60 from the complainant's wallet, and the complainant pushed him, which knocked over a soda. As Jackson began to clean up the drink, the complainant ran away down the street. He approached a woman, who was sitting outside a nearby house, and asked her to call 911 because he had been raped. The woman spoke to an emergency operator and waited outside until the police arrived.

That night, a sexual assault nurse examined the complainant and wrote a report. She testified at trial. On the night of the incident, the complainant told her that Jackson "may have put something in my drink." A lab test did not detect Rohypnol in the complainant's system, but the lab did not test for GHB, another date-rape drug.

The complainant identified Jackson from a photo lineup prepared by the Houston Police Department. The State also presented evidence that DNA secured from the sexual assault examination done on the night of the incident matched Jackson's DNA sample.

While investigating the crime, a Houston Police Department officer interviewed Jackson. Jackson told the officer that he had not engaged in sexual activity with men.

During the trial, the complainant testified that he feared that Jackson might kill him during the encounter, that he struggled, and that he was crying and told Jackson that he wanted to leave. The complainant acknowledged that he had

applied for a resident visa based on his status as a victim of a violent crime after the assault occurred. He also testified that he had been granted political asylum, which he had applied for when he first entered the United States.

## Discussion

*Standard of Review and Applicable Law*

Under the standard of review for legal sufficiency challenges, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational factfinder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *In re Winship*, 397 U.S. 358, 362, 90 S. Ct. 1068, 1071 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We defer to the factfinder's evaluation of the credibility and weight of the evidence and its resolution of conflicting testimony. *Williams*, 235 S.W.3d at 750. We consider the combined force of the evidence and determine whether any necessary inferences have a reasonable basis. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778.

A person is guilty of sexual assault if the person "intentionally or knowingly . . . causes the penetration of the anus or sexual organ of another person by any means, without that person's consent." TEX. PENAL CODE ANN. § 22.011(a)(1)(A). A sexual assault under section 22.011(a)(1) is without the consent of the other person if "the actor compels the other person to submit or participate by the use of physical force or violence." *Id.* § 22.011(b)(1).

A conviction under section 22.011 of the Texas Penal Code "is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within one year after the date on which the offense is alleged to have occurred." TEX. CODE CRIM. PROC. ANN. art. 38.07 (West 2011).

*Analysis*

Jackson contends that the evidence is legally insufficient to show that Jackson forced the complainant to participate by physical force of violence because the complainant's testimony was not credible. Specifically, Jackson argues that the complainant's testimony that he did not consent to the sexual activity was not believable, given that the complainant conceded that he had agreed to accompany Jackson to his house and had agreed to walk hand-in-hand with him to his bedroom. He further argues that the complainant's motivation for claiming that he was assaulted was that he would qualify for resident status by cooperating as a

5

victim of a violent crime.  Finally, Jackson argues that the complainant's testimony at trial conflicted with his statements to the nurse examiner on the night of the incident regarding Jackson's potential administration of a date-rape drug.

None of these arguments warrant reversal.  In both his statement to the nurse and at trial, the complainant stated that Jackson may have drugged his soda.  Although the complainant testified that he went to Jackson's house willingly, the State adduced evidence that the complainant did not consent to sexual relations and struggled during the encounter in the bedroom.  In addition, the complainant testified that Jackson physically restrained him and slapped his face, that the complainant resisted the assault, that he feared for his life, and that he was crying and telling Jackson to let him go.  We defer to the factfinder's determination of witness credibility.  *See Williams*, 235 S.W.3d at 750.  Similarly, the trial court could have credited the complainant's testimony that he did not consent to the sexual activity and struggled with Jackson during the encounter, despite a potential motive to obtain a U-Visa.  We defer to the factfinder's resolution of conflicting inferences if supported by a reasonable basis.  *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778.

Because the trial court could have credited the complainant's testimony that he was sexually assaulted and did not engage in a consensual sexual

6

encounter, we hold that legally sufficient evidence supports the conviction. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Williams*, 235 S.W.3d at 750.

## Conclusion

We hold that the evidence is legally sufficient to support Jackson's conviction. We therefore affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Brown.

Do not publish. *See* TEX. R. APP. P. 47.2(b).